1  TANJA L. DARROW, Bar No. 175502
   tdarrow@littler.com
2  LITTLER MENDELSON, P.C.
   633 West 5th Street
3  63rd Floor
   Los Angeles, CA 90071
4  Telephone: 213.443.4300
   Facsimile: 213.443.4299
5

6  Attorney for Defendant
   MEDTRONIC, INC.
7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ZUZICK, an individual, | Case No. 16-4210 |
| Plaintiff, | |
| v. | **DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| MEDTRONIC, INC., a corporation; and DOES 1 through 10; inclusive, | |
| Defendants. | **[28 U.S.C. §§ 1332 , 1441 & 1446]** |
| | Complaint Filed: March 17, 2016 (Los Angeles Superior court) |

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Medtronic, Inc. ("Defendant") contemporaneously with the filing of this Notice, hereby effects removal of the above-referenced action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1441 and 1446 and, specifically, on the following grounds:

**I. JURISDICTION AND VENUE ARE PROPER**

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a) and § 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446.

**II. STATUS OF THE PLEADINGS**

3. This lawsuit arises out of Plaintiff David Zuzick's ("Plaintiff") employment with Defendant. *See* Declaration of Shelly Zacharias ("Zacharias Decl.") ¶ 2. On March 17, 2016, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *DAVID ZUZICK V. MEDTRONIC, INC., AND DOES 1 THROUGH 10, INCLUSIVE,* designated as Case No. BC614178. The Complaint asserts the following purported claims for relief: (1) Violation of California Labor Code § 970, (2) Violation of California Labor Code § 102.5, (3) Wrongful Discharge in Violation of Public Policy, (4) Violation of California Business and Professions Code §§ 17200, *et seq*, and (5) Intentional Infliction of Emotional Distress.

4. On or about May 12, 2016, Plaintiff served the Summons and Complaint on Defendant. *See* Declaration of Tanja L. Darrow ("Darrow Decl.") ¶¶ 2, 3, Exhibits ("Exh.") A, B.

5. As of the date of this Notice of Removal, no other parties have been named or validly served with the Summons and Complaint in this matter. *Id.* ¶ 5.

6. To date, the following documents have been filed in this case with the Superior Court for the County of Los Angeles:

    a. Service of Process, Summons, Civil Case Cover Sheet, Complaint, all filed and served by Plaintiff. *Id.* ¶ 2, Exh. A.

    b. Answer to Plaintiff's Unverified Complaint filed by Defendant. *Id.* ¶ 3, Exh. B.

### III. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendant's first receipt of the Summons and Complaint, on or about May 12, 2016, and within one year of the filing of the Complaint on March 17, 2016. *See* 28 U.S.C. § 1446(b).

### IV. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

#### A. Plaintiff is a Citizen of California

8. In the Complaint, Plaintiff alleges that he "was an individual and citizen of the County of Ventura, State of California, and at all relevant times was employed by Defendant in the County of Los Angeles." (Complaint ¶ 2). For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place she resides with the intention to remain). A person is domiciled where he or she has established by physical presence in a particular place, and intends to

permanently or indefinitely remain in that place. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Plaintiff resides in the state of California with the intent to remain there. He is therefore a citizen of California for purposes of the instant jurisdictional analysis.

### B. Defendant Is Not A Citizen of California

9. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) .

#### i. Defendant Is Not Incorporated in The State of California

10. Defendant is a corporation organized and incorporated under the laws of the State of Minnesota. *See* Declaration of Keyna Skeffington ("Skeffington Decl.") ¶ 2.

#### ii. Defendant Maintains Its Principal Place of Business in Minneapolis, Minnesota

11. Although courts previously employed one of a number of tests to determine a corporation's "principal place of business," the United States Supreme Court clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In this regard, the Court held that the "nerve center" test should be used to determine a corporation's "principal place of business." *Id.*

12. To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.*

13. Although the *Hertz* Court did not articulate a precise test by which to determine the location of a corporation's "nerve center," prior lower court decisions

applying the "nerve center" analysis are instructive in this regard.  Specifically, courts have previously considered the following list of non-exclusive factors in determining a corporation's "nerve center":

      a.    where the company's home offices are located
      b.    where the directors and stockholders meet;
      c.    where the corporate officers and executives reside;
      d.    where policy decisions are made;
      e.    where general counsel resides and has its offices; and
      f.    where the administrative and financial offices are located and the records kept.

*See, e.g., Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

14. The "nerve center" of Defendant is indisputably located in Minneapolis, Minnesota.

      a.    Defendant maintains its headquarters in Minneapolis, Minnesota.  Skeffington Decl. ¶ 2.

      b.    Nearly all of the corporate decisions of Defendant – such as executive, administrative and policymaking decisions, including but not limited to payroll, policies and direction regarding compensation – are made at its Minnesota headquarters. *Id.* ¶ 3.

      c.    While Defendant maintains operational facilities in California, its high level officers direct, control and coordinate the corporation's activities from its corporate headquarters in Minneapolis, Minnesota. *Id.* ¶¶ 2, 4.

### C. **The Parties Are Diverse**

15. As set forth above, complete diversity of citizenship exists in the instant case because the parties, Plaintiff and Defendant, are citizens of different states. Plaintiff is a citizen of California, while Defendant is a citizen of Minnesota.

16. Does 1 through 10 are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious Defendant, nor does it set forth any charging allegation against any fictitious Defendant. The citizenship of these doe Defendants should be disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

17. No other party is named or has been validly served as of the date of this Notice of Removal. Darrow Decl. ¶ 4.

## V. BASED ON PLAINTIFF'S COMPLAINT, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

18. The Complaint does not indicate a total amount of damages claimed; consequently, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Insurance Company*, 95 F.3d 856, 862 (9th Cir. 1996), *amended* 102 F.3d 398, 404 (9th Cir. 1996).

19. Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, it can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000. In measuring the amount in controversy, the Court must assume the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff in all claims asserted in his Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

20. For his Second Cause of Action, Plaintiff seeks a recovery of lost "wages and benefits." (Complaint, ¶¶ 33, Prayer for Relief). At the time of his termination, Plaintiff was earning an annual salary of approximately $217,628. *See*

1  Zacharias Declaration ¶¶ 2, 3.  His employment was terminated on approximately
2  May 18, 2014.  (Complaint ¶ 21).  Although Defendant denies Plaintiff is entitled to
3  recover any such damages, assuming *arguendo*, Plaintiff were to recover back wages
4  from the time of his termination until the present (mid-June 2016), approximately 25
5  months, the amount of back pay would equal approximately $453,392. Moreover, if
6  the case proceeds to trial in late April 2017, a year from when it was filed, and
7  Plaintiff remains unemployed, he will be seeking a total of almost 36 months of lost
8  wages, which is approximately $652,884.

9       21.   In his First Cause of Action, plaintiff seeks reliance damages for
10 all representations on which Plaintiff relied to his alleged detriment, including
11 relocation and taking a "loan" from Defendant. (Complaint ¶ 27, Prayer for Relief).
12 This "loan" alone totaled "$300,000 that was to become due upon the termination of
13 Plaintiff's employment." (Complaint ¶ 7). Plaintiff also seeks a "civil penalty for
14 double damages . . . under California Labor Code § 972." (Complaint ¶ 28, Prayer for
15 Relief). Thus, readily calculable reliance damages total **at least $600,000**.

16    22.   Plaintiff also seeks "special damages," and a vague category of "statutory
17 penalties." (Complaint, Prayer For Relief).

18    23.   Plaintiff's Fourth Cause of Action seeks restitution and "disgorgement of
19 Defendant's profits" connected to Plaintiffs allegations.  (Complaint ¶ 46). Though
20 disgorgement is not implicated in this case, (*See Korea Supply Company v. Lockeed
21 Martin Corporation,* 29 Cal. 4th 1134, 1144 (2003)), Plaintiff's potential award in
22 restitution is similar in potential to the damages outlined above.

23    24.   Plaintiff also alleges emotional distress and punitive damages.
24 (Complaint ¶¶ 29, 35, 40, 52, 53 Prayer for Relief).  These categories of damages
25 must be considered when calculating the amount in controversy. *See Coleman v.
26 Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that
27 punitive damages are part of the amount in controversy in a civil action.") (citing
28 *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State*

1   *Insurance*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (general and special damages included in the amount in controversy). Numerous court decisions and jury verdicts in state and federal courts located within the Ninth Circuit demonstrate that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff has alleged claims wrongful termination. For example, in *Martin v. Arrow Electronics*, Case No. SACV041134 (C.D. Cal. 2006), the plaintiff was awarded in excess of one million dollars (including $300,000 for claimed pain and suffering) for allegations of, among others wrongful termination. Likewise, in *Leuzinger v. County of Lake*, Case No. C060398(SBA) (N.D. Cal. 2007), the plaintiff was awarded $1,679,001 for similar claims. Taking into consideration that Plaintiff seeks many types of damages in excess of his lost earnings, the amount of damages claimed by Plaintiff more likely than not meets the minimum amount in controversy.

25.   Plaintiff also seeks to recover attorneys' fees and costs. (Complaint ¶¶ 34, 48, Prayer for Relief). Cases involving the types of claims that Plaintiff has alleged in his Complaint require at least $75,000.00 in attorneys' fees to proceed through discovery and to trial during an approximate one-year period. *See Czarnik v. Ilumina*, Case No. 763972 (Cal. Sup. Ct. July 16, 2002) (plaintiff awarded $325,000 in attorneys' fees from court in case involving claims of discrimination and retaliatory termination). The attorneys' fee claim is included in determining the amount in controversy when, as in the case at hand, Plaintiff is claiming attorneys' fees pursuant to statute. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("When an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000). The calculation of attorneys' fees continues through resolution. *Simmons v. PCR Technology*, 209 F.

1  Supp. 2d 1029, 1030 (N.D. Cal. 2002) (citing *Galt*, 142 F.3d at 1155-56).

2  26. Furthermore, an award of attorneys' fees in a whistleblower case can easily exceed the jurisdictional minimum. See, e.g., *Jaramillo v. Cty. Of Orange*, 200 Cal. App. 4th 811, 829-830 (upholding award of $336,800 in fees, including 15% multiplier, in whistleblower case brought pursuant to California Labor Code section 1102). At a reasonable assumed rate of $300 per hour, Plaintiff's counsel would incur $75,000 in fees after a mere 250 hours (a conservative estimate of the time required for trial). Darrow Decl. ¶ 5. Thus, Plaintiff's claim for attorneys' fees **alone** more than likely places a sum greater than $75,000 into controversy here.

27. Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Thus, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00.

## VI. NOTICE TO THE COURT AND PARTIES

28. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California.

Dated: June __, 2016

*/s/ Tanja L. Darrow*
TANJA L. DARROW
LITTLER MENDELSON, P.C.
Attorneys for Defendant
MEDTRONIC, INC.

Firmwide:140908743.3 014245.2125