TANJA L. DARROW, Bar No. 175502
tdarrow@littler.com
MICHELLE M. HOLMES, Bar No. 251386
mmholmes@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone:  213.443.4300
Facsimile:   213.443.4299

Attorneys for Defendant
MEDTRONIC, INC.

TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
NATASHA R. CHESLER (S.B. #227540)
CHESLER McCAFFREY LLP
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-1683
Telephone: (310) 882-6407
Facsimile: (310) 882-6359
E-Mail:  tbm@cmlegal.com
nrc@cmlegal.com
Attorneys for Plaintiff
DAVID ZUZICK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ZUZICK,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC., a corporation;<br>and DOES 1 through 10; inclusive,<br><br>Defendant. | Case No.  2:16-cv-04210-JFW-KS<br><br>ASSIGNED FOR ALL PURPOSES TO<br>JUDGE JOHN F. WALTER<br><br>**JOINT REPORT OF RULE 26(f)<br>CONFERENCE**<br><br>Date:  July 25, 2016<br>Time:  8:30 a.m.<br>Dept:  16<br><br>Complaint Filed: March 17, 2016 (Los<br>Angeles County Superior Court)<br>Trial Date: None set |

Plaintiff DAVID ZUZICK ("Plaintiff") and Defendant MEDTRONIC,

INC. ("Defendant") (collectively, the "Parties"), pursuant to Federal Rule of Civil

Procedure 26(f), Local Rule 26-1 of the United States District Court for the Central District of California and the Court's Order, hereby submit the following Joint Report.

## I.   CONFERENCE OF THE PARTIES:

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, on June 30, 2016 at 10:00 a.m., counsel for Defendant, Michelle Holmes, and counsel for Plaintiff, Timothy McCaffrey, Jr., engaged in a telephonic Early Meeting.  This Report sets forth the subjects and issues discussed during the conference.

## II.   RULE 26(f) REPORT:

1.   THE BASIS FOR THE COURT'S SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AND DEFENDANTS' COUNTERCLAIMS, WHETHER ANY ISSUES EXIST REGARDING PERSONAL JURISDICTION OR VENUE, WHETHER ANY PARTIES REMAIN TO BE SERVED, AND, IF ANY PARTIES REMAIN TO BE SERVED, THE DATE BY WHICH SERVICE WILL BE COMPLETED AND AN EXPLANATION AS TO WHY SERVICE HAS NOT BEEN COMPLETED

Defendant filed a Notice of Removal on June 13, 2016, alleging that this Court has jurisdiction because there is complete diversity between Plaintiff and Defendant.  Defendant alleges that that amount in controversy is met.  *See* Docket No. 1.  The Parties are not aware of any issues regarding personal jurisdiction or venue.

All Parties have been served.

2.   A BRIEF CHRONOLOGY OF THE FACTS AND A STATEMENT OF THE PRINCIPAL FACTUAL ISSUES IN DISPUTE

Plaintiff was hired as Senior Product Planning Manager for Defendant on or about October 25, 2004.   Plaintiff worked in various positions during his employment with Defendant, and was promoted to Director, Product Planning, in November 2007.  In 2008, Plaintiff relocated his employment with Defendant from Minneapolis, Minnesota to Northridge, California.   As part of his relocation assistance, Defendant offered Plaintiff a Shared Appreciation Loan to assist him in purchasing a home, which Plaintiff accepted.   Defendant separated Plaintiff's employment on May 19, 2014.

The Parties dispute: (1) whether Defendant fraudulently induced Plaintiff to relocate his employment to Northridge, California; and (2) whether Plaintiff's position was eliminated or Defendant terminated and otherwise retaliated against Plaintiff because of Plaintiff's alleged safety violation complaints made to Defendant during his employment.

a.    Plaintiff's Position

Plaintiff's position is that Defendant lured Plaintiff to accept a position in California by deliberately misrepresenting the duties, responsibilities and nature of the position and by failing to inform him of an impending reorganization, and also terminated Plaintiff because he repeatedly reported safety violations.

First, in 2007 when Plaintiff was working in Minneapolis, Defendant offered Plaintiff a new position as Director, Product Planning in Northridge, California.    Defendant represented that the Director, Product Planning's responsibilities would include leading strategies and implementation of a coordinated, long-range product plan for all of Defendant's diabetes products.  Plaintiff incurred substantial expenses as part of his relocation, including a purported $300,000 loan from Defendant, to be repaid at the termination of Plaintiff's employment.  However, after Plaintiff relocated, he discovered that Defendant had other employees and departments performing his duties, substantially decreasing his authority. Additionally, a few months after Plaintiff's relocation, Defendant executed a large reorganization of Plaintiff's department, further reducing his authority.   Plaintiff believes and alleges that Defendant was aware of the changes in Plaintiff's position and impending reorganization at the time it offered Plaintiff the relocation, but it misrepresented them to Plaintiff so he would accept the position.   Plaintiff also contends that the purported loan from Defendant is illegal under California law.

Second, Plaintiff repeatedly complained about Defendant's safety violations and Defendant repeatedly retaliated against him (including denied promotions, reduction in authority, a negative performance review, and other adverse

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

3.

actions) and ultimately terminated him because of his complaints.  Beginning in 2009, Plaintiff repeatedly complained about the safety of Defendant's products.   In particular, Plaintiff was concerned about the sensor performance of Defendant's "Sentrino" device.  In short, plaintiff was concerned that Sentrino was not ready for patient use—or at least not ready without substantial warnings to its users about its limitations.   Plaintiff repeatedly reported Sentrino's safety issues to HR and his superiors, but Defendant responded by passing him over for promotions, reducing his authority, and giving him his first ever negative review days after one of his reports. On March 19, 2014, Defendant informed Plaintiff his position was being eliminated as of May 18, 2014.   Plaintiff's position was the only one eliminated from his department.  Plaintiff believes and alleges Defendant's true motivation was to single out and retaliate against him for raising and reporting his concerns regarding Sentrino and Defendant's retaliation against him.

        b.    <u>Defendant's Position</u>

        Defendant's position is that Plaintiff was laid off when his position was one of the positions eliminated related to the discontinuation of the commercial marketing and sales organizations.  Defendant denies that it engaged in any unlawful conduct against Plaintiff.  At the time Plaintiff's employment with Defendant ended, as was custom, practice, and required as part of Plaintiff's acceptance of Defendant's Shared Appreciation Loan, that Plaintiff repay Defendant a certain amount of the Loan term as set forth in the Shared Appreciation Load agreement between the Parties.

    3.    <u>A Brief Statement, Without Extended Legal Argument, Of The Disputed Points Of Law, Including Reference To Specific Statutes And Decisions.</u>

    (1)    Whether Defendant induced Plaintiff to move to California based on false representations of fact in violation of California Labor Code § 970.

    (2)    Whether Defendant retaliated against Plaintiff in violation of California Labor Code § 1102.5.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

(3)     Whether Defendant wrongfully terminated Plaintiff's employment for performing an act of public policy, or refusing to do something public policy would condemn.

(4)     Whether Defendant engaged in unlawful business practices that resulted in Plaintiff's termination in violation of California Business and Professions Code §§ 17200 *et seq.*

(5)     Whether Defendant caused Plaintiff intentional infliction of emotional distress as a result of Plaintiff's employment relationship with Defendant.

(6)     Whether the loan agreement between Defendant and Plaintiff is legal under California law.

4.      <u>All Prior And Pending Motions, Their Current Status, And Any Anticipated Motions.</u>

To date, the Parties have not filed any prior or pending motions. Defendant anticipates filing a motion for summary judgment and/or partial summary judgment.

5.      <u>The Extent To Which Parties, Claims Or Defenses Are Expected To Be Added Or Dismissed And A Proposed Deadline For Amending The Pleadings</u>

The Parties currently do not anticipate adding or dismissing any parties or claims.

The Parties propose September 1, 2016 as the deadline for amending the pleadings.

6.      <u>Whether There Has Been Full And Timely Compliance With The Initial Disclosure Requirements Of Fed. R. Civ. P. 26 And A Description Of The Disclosures Made.</u>

Counsel for Plaintiff and Defendant have fully and timely complied with the Initial Disclosure Requirements of Federal Rule of Civil Procedure 26, and served their Initial Disclosures on July 13, 2016.  The Initial Disclosures set forth the Parties'

witnesses who likely have facts regarding Plaintiff's allegations, and documents supporting or refuting Plaintiff's allegations.   Plaintiff's Initial Disclosures also set forth his computation of damages related to his allegations.

      7.    <u>Discovery Taken To Date, The Scope Of Anticipated Discovery, Any Proposed Limitations Or Modifications Of The Discovery Rules, And A Proposed Discovery Plan Pursuant To Fed. R. Civ. P. 26(F).</u>

Defendant plans to serve its initial requests for production of documents and special interrogatories, as well as a notice for the deposition of Plaintiff, this week.

Defendant may request to have more than seven (7) hours for Plaintiff's deposition if necessary.

Plaintiff has not yet completed any discovery.

      a.    <u>Proposed Discovery Plan</u>

      i.  Plaintiff's Proposed Discovery

Plaintiff anticipates propounding written discovery, including interrogatories, document requests and requests for admission, and conducting depositions of fact and expert witnesses.

      ii.  Defendant's Proposed Discovery

Defendant anticipates conducting the following discovery:

- Fact witnesses' oral depositions: Defendant will notice the deposition of Plaintiff for September 8, 2016.   Defendant will determine if any additional fact witnesses are necessary following the taking of Plaintiff's deposition.
- Written document production requests;
- Written interrogatories and requests for admissions; and
- Oral deposition of any expert witnesses designated by Plaintiff.

### iii.  **Subjects of Discovery.**

#### 1.  PLAINTIFF

Plaintiff intends to conduct discovery inquiring into the facts and circumstances surrounding Plaintiff's relocation, safety complaints and eventual termination.  Plaintiff's discovery will focus on, but not be limited to, Defendant's knowledge and intentions at the time it offered him a position in California, Plaintiff's complaints of safety violations (particularly as to the Sentrino device) and retaliation against him, and Defendant's ongoing retaliatory actions against (including denied promotions, reduction in authority, and a negative performance review) and eventual termination of Plaintiff.

#### 2.  DEFENDANT

Defendant anticipates conducting discovery pertaining to the factual and legal claims and defenses set forth and arising from Plaintiff's Complaint, including but not limited to matters regarding Defendant's employment policies and procedures, the facts and circumstances surrounding the separation of Plaintiff's employment, and Plaintiff's alleged damages.  In addition, Defendant's discovery will focus on the issues of:

- All communications that Plaintiff and/or his doctors had with Defendant concerning his allegations;
- Any damages Plaintiff alleges he has suffered;
- Plaintiff's efforts to obtain other employment after his separation from Defendant, in order to mitigate any potential damages;
- Any income, workers' compensation, unemployment and/or disability benefits Plaintiff has earned or received since his separation from Defendant; and
- Any medical, psychological or psychiatric treatment that Plaintiff sought or was rendered for the emotional distress or any other injuries or illnesses that Plaintiff alleges were caused by Defendant's actions.

1    iv.  **Electronically Stored Information.**

2          Pursuant to Federal Rule of Civil Procedure 26(f)(3)(C), the Parties

3    propose that all electronically stored information will be produced in .pdf format,

4    though the Parties maintain the right to request original electronic versions of Word

5    and Wordperfect documents.

6    8.    Any Related Cases Or Proceedings Pending Before Another Judge Of

7          This Court, Or Before Another Court Or Administrative Body

8          The Parties are not aware of any related cases.

9    9.    All Relief Sought By The Complaint Or Counterclaim, Including The

10         Amount Of Any Damages Sought And A Description Of The Bases On

11         Which Damages Are Calculated.  In Addition, Any Party From Whom

12         Damages Are Sought Must Describe The Bases On Which It Contends

13         Damages Should Be Calculated If Liability Is Established

14         Plaintiff seeks general damages; compensatory damages; special

15   damages; prejudgment and postjudgment interest on unpaid wages; reasonable

16   attorney's fees and costs (including pursuant to Cal. Code Civ. Proc. § 1021.5;

17   equitable relief; and statutory penalties (including double damages under Cal. Lab.

18   Code § 972.)  Plaintiff requires further discovery to accurately estimate his damages

19   caused by Defendant's illegal conduct.

20         Defendant denies that Plaintiff suffered any damages that were

21   proximately caused by Defendant's alleged misconduct.

22   10.   Whether Each Party Has Filed The "Certification As To Interested Parties

23         Or Persons" Required By The Local Rules.  In Addition, Each Party Must

24         Restate In The Joint Report The Contents Of Its Certification By

25         Identifying Any Persons, Firms, Partnerships, Corporations (Including

26         Parent Corporations) Or Other Entities Known By The Party To Have

27         Either:  (i) A Financial Interest In The Subject Matter In Controversy Or

28         In A Party To The Proceeding; Or (ii) Any Other Kind Of Interest That

1  <u>Could Be Substantially Affected By The Outcome Of The Proceeding.</u>

2  Plaintiff filed his certification and notice on July 18, 2016.  Plaintiff's

3  certification and notice identified interested parties: (1) Plaintiff David Zuzick; (2)

4  Defendant Medtronic, Inc.; (3) Littler Mendelson – Counsel for Defendant; and (4)

5  Chesler McCaffrey LLP – Counsel for Plaintiff.

6  Defendant filed its certification with its removal papers on June 13, 2016.

7  Defendant has identified the following as interest persons and entities in the case: (1)

8  Plaintiff David Zuzick; (2) Defendant Medtronic, Inc.; (3) Littler Mendelson –

9  Counsel for Defendant; and (4) Chesler McCaffrey LLP – Counsel for Plaintiff.

10  11.  <u>An Appropriate Last Date For The Completion Of Discovery And The</u>

11  <u>Hearing Of Motions, A Date For A Final Pretrial Conference And A</u>

12  <u>Trial Date.</u>

13  The parties have agreed to the following deadlines:

14  a.  Non-Expert Discovery Cut-Off:  February 27, 2017

15  b.  Expert Discovery Cut-Off: May 8, 2017

16  c.  Motion Cut-Off (last day for all motions to be heard, including
17  Summary Judgment motions:  April 10, 2017

18  d.  Pre-Trial Conference:  May 29, 2017

19  e.  Trial:  June 12, 2017

20  12.  <u>Whether The Case Will Be Tried To A Jury Or To The Court And A</u>

21  <u>Preliminary Estimate Of The Time Required For Trial.</u>

22  Plaintiff requested a jury trial in his state court complaint.  The Parties

23  realistically estimate five (5) to seven (7) days for trial.

24  13.  <u>Efforts Made To Settle Or Resolve The Case To Date, And The Parties'</u>

25  <u>Views As To An Appropriate Plan For Maximizing Settlement Prospects.</u>

26  The Parties have not yet had an opportunity to meaningfully discuss

27  settlement.  However, the Parties have discussed engaging a private mediator by no

28  later than April 1, 2017, in an effort to mediate the matter before trial.

14.     Whether The Case Is Complex Or Requires Reference To The Procedures Set Forth In The Manual On Complex Litigation.

The Parties believe this case is not complex and does not require reference to the procedures set forth in the *Manual on Complex Litigation*.

15.     What Motions The Parties Are Likely To Make That May Be Dispositive Or Partially Dispositive

Defendant anticipates filing a motion for summary judgment and/or partial summary judgment.

16.     Any Unusual Legal Issues Presented By The Case

The Parties do not believe this case presents any unusual legal issues.

17.     Proposals Regarding Severance, Bifurcation, Or Other Ordering Of Proof

The Parties do not have any proposals regarding severance, bifurcation or other ordering of proof at this time.

**III.     ECF USER REGISTRATION**

Both lead trial counsel for Plaintiff and Defendant confirm they are registered as "ECF Users" and their respective emails are included on the first page of this document.

**IV.     LOCAL RULE 26-1**

The Parties have discussed engaging a private mediator by no later than April 1, 2017, in an effort to mediate the matter before trial.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  Dated:   July 18, 2016

2

3                                                  /s/ Michelle M. Holmes
                                                   TANJA L. DARROW
4                                                  MICHELLE M. HOLMES
                                                   LITTLER MENDELSON, P.C.
5                                                  Attorneys for Defendant
                                                   MEDTRONIC, INC.
6
   Dated:   July 18, 2016
7

8
                                                   /s/ Timothy B. McCaffrey, Jr.
9                                                  TIMOTHY B. MCCAFFREY, JR.
                                                   NATASHA CHESLER
10                                                 CHESLER MCCAFFREY LLP
                                                   Attorneys for Plaintiff
11                                                 DAVID ZUZICK.

12

13  Firmwide:141579445.2 014245.2125

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

11.